IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAPHNE PATTERSON,

    Plaintiff,

v.                                                                                 Civil Action No. 3:10cv368

RICHMOND SCHOOL OF HEALTH
& TECHNOLOGY, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

This matter comes before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for a Report and Recommendation on the proposed Settlement Agreement and Release. For the following reasons, the undersigned Magistrate Judge recommends that the District Court find the Settlement Agreement and Release to be a fair and reasonable resolution of a bona fide dispute over Fair Labor Standards Act ("FLSA")[1] provisions as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

The United States Court of Appeals for the Fourth Circuit has recognized that "there is a judicial prohibition against the unsupervised waiver or settlement of claims" under the FLSA. *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007) (*citing D. A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114-16 (1946)). However, when a proposed settlement reflects a reasonable compromise over bona fide disputes, then court approval promotes the policy of encouraging settlement while protecting an employee's rights under FLSA. *Lomascolo v.*

---

[1] 29 U.S.C. § 201 *et seq.*

*Parsons Brinckerhoff, Inc.*, No. 1:08cv1310, 2009 WL 3094955, at *8 (E.D. Va. Sept. 28, 2009) (*citing Lynn's Food Stores*, 679 F.2d at 1354). To determine whether a proposed settlement is fair and reasonable under the FLSA, courts should consider: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; . . . and ([5]) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Id.* at *10.

Having had oral hearing as to the settlement and having reviewed, *in camera*, the Settlement Agreement and Release, this Court finds, for the reasons stated from the bench, it to be in compliance with the dictates under the FLSA and finds it to be a fair and reasonable resolution of a bona fide FLSA dispute pursuant to *Lynn's Food Stores* and *Lomascolo*. It also appears to be a fair and reasonable settlement of any Title VII or E.R.I.S.A. issues before the Court. On November 3, 2010, the parties appeared, by counsel, in court and confirmed their agreement to the terms reviewed *in camera* by the Court. The Court finds that under the unique and specific circumstances of this individual case, and taking into consideration the other claims brought, confidentiality will not violate or contravene the public interest in compliance with the Fair Labor Standards Act. Accordingly, it is hereby RECOMMENDED that the District Court approve the Settlement Agreement and Release and endorse a jointly proposed DISMISSAL of this action.

The parties are ADVISED that they may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should

be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to so file will result in a waiver of any objections to this report.

Let the Clerk send copies of this Report and Recommendation to counsel of record and the Honorable James R. Spencer.

It is so ORDERED.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: November 3, 2010